(No. 53011.—

ARLINGTON CITY CAB COMPANY *et al.*, Appellants, v. THE REGIONAL TRANSPORTATION AUTHORITY *et al.*, Appellees.

*Opinion filed November 18, 1980.*

Alex Devience, Jr., and John F. O'Meara, of Arlington Heights, for appellants.

Jeremiah March, Michael Schneiderman, John L. Rogers III, and David O. Toolan, of Chicago (Carl J. Frank and Hopkins, Sutter, Mulroy, Davis & Cromartie, of counsel), for appellees.

MR. JUSTICE MORAN delivered the opinion of the court:

The plaintiffs, four taxicab companies, filed suit in the circuit court of Cook County challenging the validity of the motor fuel use and public transportation tax (the RTA tax) imposed by the Regional Transportation Authority (RTA) and State of Illinois Department of Revenue (defendants). The action was brought as a class action insofar as it applied to purchases of gasoline by plaintiffs and others similarly situated claiming that the defendants failed to exempt them from such a tax. The trial court dismissed the complaint, finding that the RTA tax was authorized under the Regional Transportation Authority Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 701.01 *et seq.*). The appellate court dismissed the appeal on the basis of mootness, in response to defendants' motion to dismiss. We granted leave to appeal.

Although plaintiffs set forth numerous contentions in their brief, we find it necessary to address only one: whether the order of the appellate court dismissing the appeal violated article VI, section 5, of the Illinois Constitution (Ill. Const. 1970, art. VI, sec. 5), in that the order was signed by only one judge of the appellate court.

Plaintiffs' complaint consisted of three counts seeking declaratory judgments, with the third count additionally

seeking injunctive relief. On September 19, 1979, while the cause of action was pending in the appellate court, the Transportation Finance and Administration Act of 1979 (the 1979 act) became law. (Pub. Act 81—2d S.S. 3.) The 1979 act amended the RTA act and authorized the imposition by the RTA of sales, service occupation, and use taxes. Under the amendment, the tax here challenged by plaintiffs would remain in effect only until newly authorized taxes became effective. On September 24, 1979, the RTA exercised the power granted to it under the 1979 act and adopted ordinances which established new sales, service occupation, and use taxes. These taxes became effective November 1, 1979.

On December 5, 1979, defendants filed a motion to dismiss the appeal on the grounds that issues raised have become moot. Plaintiffs failed to file any objections, and the motion was granted on December 17, 1979. The order issued on that date was signed by only one judge and stated:

> "This cause coming on to be heard on the motion of defendant-appellee Regional Transportation Authority ("RTA") to dismiss this appeal as moot, the Court having jurisdiction of the parties, notice having been given and the Court being advised in the premises:
> IT IS HEREBY ORDERED that this appeal be dismissed for--mootness." (The words "for mootness" were struck from the order.)

On December 18, 1979, plaintiffs filed a motion for leave to file their objections to defendants' motion to dismiss and a motion to vacate the order of dismissal. On the same day, the appellate court issued a "Corrected Order" which stated in part:

> "On December 17, 1979, this court allowed a motion of defendants-appellees to dismiss the within appeal as moot."

This order allowed plaintiffs' motion to file objections but denied plaintiffs' motion to vacate. Again, this order

was signed by one judge. Subsequently, plaintiffs' motion for rehearing was denied.

The Regional Transportation Authority's attorney attached an affidavit to its answer to the petition for leave to appeal in an attempt to defeat plaintiffs' argument as to the validity of an order signed by one judge of the appellate court. The affidavit is *dehors* the record and will not be considered.

Plaintiffs' contention is that the appellate court's dismissal order is void because it was signed by only one judge in violation of article VI, section 5, of the Illinois Constitution (Ill. Const. 1970, art. VI, sec. 5). That section states in part:

"Appellate Court — Organization
\*\*\* Each Appellate division shall have at least three Judges. \*\*\* A majority of a division constitutes a quorum and the concurrence of a majority of the division is necessary for a decision."

(See also Ill. Rev. Stat. 1977, ch. 37, par. 25.) Supreme Court Rule 22(c) clarifies the quorum requirement:

"*Three judges must participate* in the decision of every case and the concurrence of *two shall be necessary to a decision. Motions of course* may be decided by *one judge.*" (Emphasis added.) (73 Ill. 2d R. 22(c).)

See *People ex rel. Director of Finance v. YWCA* (1979), 74 Ill. 2d 561.

A motion to dismiss an appeal can never be considered a motion of course to be decided by one judge. Since a final judgment of the circuit court is appealable as a matter of right under the Illinois Constitution (Ill. Const. 1970, art. VI, sec. 6), the dismissal of an appeal deprives an appellant of this constitutional right. Before such action may be taken, it is a further constitutional requirement that the motion to dismiss be considered by a division of three judges and the decision be concurred in by a majority. The fulfillment of these requirements must be affirmatively shown by the record.

In the present case, there was nothing in the record to indicate that the motion was heard before a division of three judges or that it was concurred in by a majority of that division. Consequently, the order of the appellate court dismissing plaintiffs' appeal is vacated and the cause remanded to the appellate court for further proceedings.

*Order vacated; cause remanded.*